SIMON, APPELLEE, *v.* LAKE GEAUGA PRINTING CO.,
APPELLEE; BOARD OF REVIEW, OHIO BUREAU OF
EMPLOYMENT SERVICES ET AL., APPELLANTS.

[Cite as Simon v. Lake Geauga Printing Co. (1982),
69 Ohio St. 2d 41.]

(No. 81-298—Decided January 13, 1982.)

*Ms. Marley Ford Eiger* and *Mr. Thomas W. Weeks,* for appellee Simon.

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for appellants.

KRUPANSKY, J. The major issues presented herein are (1) whether a reviewing court can require a higher standard of proof on appeal than is required in hearings before the Board of Review; and (2) what evidence should a reviewing court consider in making such determination. The Court of Appeals in reversing the decision of the Court of Common Pleas which affirmed the Board of Review stated:

" * * * there is neither reliable, probative evidence nor substantial, credible evidence of probative value to support either the Administrator's or the referee's reasoning for discharge."

In view of this statement, the Court of Appeals concluded the decisions by the Board of Review and the Court of Common Pleas were unlawful, unreasonable, and against the manifest weight of the evidence. This conclusion represents a clear misinterpretation of R. C. 4141.28. Therefore, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Court of Common Pleas affirming the denial of the claimant's request for unemployment benefits.

R. C. 4141.28 controls the procedure which must be followed when an individual files for unemployment compensation benefits. Subdivision (J) of this section provides, in part:

" * * * In the conduct of such hearing * * * the board and the referees shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The board and the referees shall take any steps in such hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law. * * *"

The aim of this portion of R. C. 4141.28(J) is to avoid the rigid formality imposed by technical rules of evidence, while constructing an efficient method for ascertaining a claimant's entitlement to unemployment compensation benefits. This court previously has not analyzed this specific segment of R. C. 4141.28(J), however, its meaning is apparent: the Board of Review and the referee need not apply stringent rules in determining the admissibility of evidence into the record. The logical corollary is such evidence placed in the record is not only admissible but also must be weighed and considered when making a decision. If evidence which is inadmissible in a court of law is to be disregarded when and if reviewed, there is no reason to admit such evidence at the administrative level or for purposes of subdivision (J) of R. C. 4141.28.

Subdivision (J) continues:

" * * * the file of the administrator pertaining to the case shall be certified by the administrator and shall automatically

become a part of the record in the appeal hearing. *All informa-
tion in such file which pertains to the claim,* including
statements made to the administrator or his deputy by the in-
dividual claiming benefits or other interested parties, *shall be
considered by the board and the referees in arriving at a deci-
sion,* together with any other information which may be pro-
duced at the hearing. * * * " (Emphasis added.)

Applying the above criteria contained in subdivision (J) to
the instant case, the information which the administrator was
authorized to rely upon in making his decision and which
would "automatically become a part of the record" included:
(1) statements made by the claimant at the hearing before the
referee for the Board of Review in which he admitted (a) being
tardy in November 1978 and on February 12, 1979, (b) arriv-
ing at his job site at 6:20 a.m. on February 13, and (c) refusing
to sign the written warning presented to him by his employer;
and (2) the business records and correspondence of the claim-
ant's employer which asserted the claimant was not justified in
arriving at work 20 minutes late on February 13.

To restate the above, evidence which might constitute in-
admissible hearsay where stringent rules of evidence are
followed must be taken into account in proceedings such as
this where relaxed rules of evidence are applied. Consequent-
ly, it was the referee's function, as the trier of fact, to consider
the evidence listed above, along with the credibility of the in-
dividuals giving testimony before the board (in this case, the
claimant), in reaching his decision. Viewing this information it
is clear all the factual allegations asserted by the claimant's
employer have been admitted by the claimant. Coupling the
claimant's testimony with the employer's declaration that the
claimant's tardiness was unauthorized it is indisputable that
the conclusions reached by the administrator and referee were
reasonable, lawful and in keeping with the weight of the
evidence.

The Court of Appeals admits the Board of Review acted
properly in applying relaxed rules of evidence in the instant
proceeding. However, the Court of Appeals insists R. C.
4141.28(O) requires a higher standard be applied to the
evidence in the record by the Court of Common Pleas than was
required by the Board of Review. R. C. 4141.28(O) which deals

with appeals from the decisions of the Board of Review provides in part:

" * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision * * * ."

The Court of Appeals interprets this to mean there must be "reliable, probative evidence" or "substantial, credible evidence of probative value" to support the decisions. In evaluating the evidence, however, the Court of Appeals claims only "reliable, probative evidence" *which would be admissible in a court of law* is to be considered. There is no support for this construction of R. C. 4141.28(O). The proper application of subdivision (O) of R. C. 4141.28 is best explained by Judge Cook in his dissenting opinion in the court below where he stated:

"The Common Pleas Court must reverse the decision of the Board of Review if it finds from the record that the decision was 'unlawful, unreasonable, or against the weight of the evidence.' In considering whether the decision is against the weight of the evidence *it must consider the evidence heard by the Board or a referee and properly admitted by the Board or the referee.*" (Emphasis added.)

A reviewing court can not usurp the function of the triers of fact by substituting its judgment for theirs. "The decision of purely factual questions is primarily within the province of the referee and the board of review." *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, 518.

Therefore, the Court of Appeals should have reviewed all the evidence accepted by the administrator and referee without attempting to weed out and disregard that evidence which would likely be inadmissible in a courtroom setting.

Furthermore, even though a portion of the employer's evidence which was before the administrator may constitute inadmissible hearsay if a higher standard of review is applied, this evidence was not objected to by the claimant, nor was its inclusion in the record set forth as an assignment of error in the appeal to the Common Pleas Court. As stated in *McCruter* v. *Bd.*

*of Review* (1980), 64 Ohio St. 2d 277, 280, the failure to specifically set forth an error in the notice of appeal deprives a reviewing court of jurisdiction to decide that issue. Assuming the claimant could have effectively objected to certain evidence presented by the employer at some earlier point, the time for such objection has long since passed.

In summary, the Administrator of the Ohio Bureau of Employment Services and the referee of the Board of Review were correct in considering and weighing all the evidence presented by the parties involved, including evidence which might not be admissible in a proceeding guided by the rules of evidence. Furthermore, the Court of Common Pleas, in affirming the decision of the Board of Review, properly reviewed *all* of the evidence presented to the administrator and referee. Therefore, the judgment of the Court of Common Pleas affirming the Board of Review and administrator's denial of the claimant's request for unemployment compensation was correct.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.