CITY OF CINCINNATI, APPELLANT, *v.*
DUNGEY ET AL., APPELLEES.*

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was

(No. C-840456—Decided May 29, 1985.)

Richard A. Castellini, city solicitor, and *Philip S. Olinger,* for appellant.
*Elroy H. Schofield,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant, the city of Cincinnati, appeals from the judgment of the trial court affirming the Unemployment Compensation Board of Review's determination that the claimant-appellee, Aherene Dungey, was discharged without just cause and, therefore, was entitled to unemployment compensation. Prior to the decision of the Unemployment Compensation Board of Review ("board"), three more administrative bodies found that Dungey was discharged for just cause, specifically for his failure to comply with the city's residency requirement and for his failure to report a change of address.

The events that preceded Dungey's discharge from the city are basically in dispute. Dungey was hired by the city of Cincinnati in 1972 at which time he listed his address at 233 Gilman, Cincinnati, Ohio. The city disputes Dungey's claim that he thereafter resided at an address within Cincinnati on Gilbert Avenue for approximately six years. At the hearing before the board, Dungey testified that he subsequently resided with one Lillian Toles at 2011 Highland Avenue, Cincinnati, Ohio.

Our review of the record reveals that during the period of Dungey's

overruled on August 28, 1985 (case No. 85-1074).

employment with the city he owned real estate at 1106 Superior Avenue and 1407 West Grand Avenue, both located in Dayton, Ohio. Dungey's mother resided at the Superior Avenue residence while his wife and children resided at the Grand Avenue address. It was Dungey's practice during his period of employment to remain in Cincinnati during the work week and to travel to Dayton to visit with his wife and children on weekends. This marital relationship ended in divorce in 1980.

The record further shows that Dungey voted in general and primary elections in Montgomery County, and that his children were enrolled in the Dayton public schools. In 1979, Dungey's Ohio driver's license application indicated that he resided at 1106 Superior Avenue in Dayton, Ohio.

On June 9, 1981, Dungey was served by the city with a notice of separation. The notice alleged, in pertinent part, that Dungey had failed to comply with the city's residency requirement as his residence since September 10, 1972 had been 1106 Superior Avenue, Dayton, Ohio, and 1407 Grand Avenue, Dayton, Ohio. The notice also alleged that Dungey had failed to report a change of address which act was deemed by the city to be a neglect of duty. In regard to the last allegation, the record supports the board's finding that Dungey's supervisors were aware of his living conditions and all addresses.

Nowhere in the record does the city dispute that subsequent to the termination date Dungey was available for work or that he refused offers by the city of suitable work.

From the judgment of the court below affirming the decision of the Unemployment Compensation Board of Review, the city of Cincinnati brings this timely appeal in which it complains in a single assignment of error that:

"As a matter of law the Court of Common Pleas erred in ruling that the decision of the Unemployment Compensation Board of Review was not unlawful, unreasonable, or against the manifest weight of the evidence."

We are unpersuaded. Dungey was terminated by the city for his alleged failure to comply with Section 1, Article XVII, Cincinnati Administrative Code which provides in pertinent part:

"All employees * * * shall be residents of the city of Cincinnati at the time of their appointment and shall continue to maintain their primary place of residence within the city at all times during their continued service with the city."

Dungey's notice of dismissal also advised that he had failed to comply with personnel policies and procedures, Section 2.8(2), Employee Record Changes, Change of Address, which states:

"(a) Failure to report a change of address constitutes 'Neglect of duty' and is subject to disciplinary action.

"(b) Any change of address must be in compliance with the residency requirement (See 2.1)."

In regard to the residency requirement, appellant argues that Dungey's primary place of residence was always Dayton, Ohio and that his temporary addresses were but temporary abodes. We disagree.

Webster's Third New International Dictionary (1961) defines "residence" as:

"* * * 2a(1): the place where one actually lives or has his home as distinguished from his technical domicile (2): a temporary or permanent dwelling place, abode, or habitation to which one intends to return as distinguished from a place of temporary sojourn or transient visit * * *."

The same source defines "primary" as:

"$^1$ primary/ * * * 1a: first in order of time or development: INITIAL * * *.

"* * *

"$^2$ primary/ * * * 1: something that

stands first in order, rank, or importance: FUNDAMENTAL.''

The above definitions convince us that one may appropriately reason that during the term of his employment, Dungey's primary place of residence was in Cincinnati, and that he took weekly sojourns to Dayton to visit his family, where he resided with them on a temporary basis. Our review of the entire record before us persuades us that the judgment of the trial court in regard to the alleged violations of the residency rule and requirement to report a change of address is not unlawful, unreasonable or against the manifest weight of the evidence. See *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41, 45 [23 O.O.3d 57]. Accordingly, the single assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and HILDE-BRANDT, JJ., concur.