[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is a consolidated appeal from four judgments of the Ottawa County Municipal Court which upheld administrative license suspensions imposed upon appellants Lorraine Bruchac, Martin Bahnsen, Monica Leech and Richard Selva.
Appellants set forth the following assignment of error:
 "THE COURT ERRED TO THE PREJUDICE OF APPELLANT IN NOT GRANTING THE APPELLANT'S APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION."
The relevant facts giving rise to each appeal are as follows.
Lorraine Bruchac was stopped by the Ohio State Highway Patrol on January 28, 1997 for driving while under the influence of alcohol and taken to the Port Clinton Police Department. After Bruchac was read Bureau of Motor Vehicles ("BMV") form 2255 pursuant to R.C. 4511.191, she refused a chemical test to determine her blood alcohol level. Thereafter, the arresting officer imposed an administrative license suspension and filed the completed BMV form with the trial court.
Martin Bahnsen was stopped by the Ohio State Highway Patrol on February 10, 1997 for driving while under the influence of alcohol. Bahnsen was read BMV form 2255 and refused to submit to a breathalyzer test. The arresting officer then imposed an administrative license suspension and filed the completed BMV form with the trial court.
Monica Leech was stopped by a Carroll Township police officer on January 22, 1997 and arrested for driving while under the influence of alcohol. After the arresting officer read BMV form 2255 to Leech, she submitted to a blood test. Thereafter, the officer imposed an administrative license suspension and filed the BMV form with the trial court.
Richard Selva was stopped on February 15, 1997 by the Ohio State Highway Patrol and arrested for driving while under the influence of alcohol. The arresting officer read BMV form 2255 to Selva and Selva submitted to a breathalyzer test. The officer then imposed an administrative license suspension and filed the BMV form with the trial court.
Each appellant filed an appeal of his or her administrative license suspension ("ALS"), alleging that the arresting officer did not have probable cause to arrest. In each case, at the initial hearing, the trial court took notice of the BMV form, found that probable cause existed to arrest for driving while under the influence of alcohol, and upheld the suspension.
Appellants now assert that the trial court erred by denying their appeals. Appellants argue that the BMV forms are hearsay evidence excludable in a criminal or civil proceeding pursuant to the Ohio Rules of Evidence because they were made outside the courtroom by law enforcement officers whom appellants had no right to cross-examine. Appellants assert that the forms therefore are excludable in a criminal or civil proceeding pursuant to the Ohio Rules of Evidence. Appellants further assert that R.C. 4511.191(D)(3), which provides for the arresting officer's "sworn report" to be admitted as prima facie proof in an ALS appeal, is unconstitutional because it is a legislative attempt to enlarge the Ohio Rules of Evidence promulgated by the Ohio Supreme Court.
Appellee responds that ALS appeal hearings are administrative in nature and that evidence which might otherwise constitute inadmissible hearsay in a civil or criminal procedure can therefore be considered. Appellee asserts that the trial court therefore properly admitted the BMV forms as prima facie proof of the information contained therein.
ALS appeal hearings are administrative in nature. See, e.g., Akron v. Kirby (1996), 113 Ohio App.3d 452; Hoban v. Rice
(1971), 25 Ohio St.2d 111. The Ohio Supreme Court has stated that "evidence which might constitute inadmissible hearsay where stringent rules of evidence are followed must be taken into account in [administrative proceedings] where relaxed rules of evidence are applied." Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 44. The legislature therefore may statutorily prescribe whether the Rules of Evidence should be adhered to in an administrative proceeding. Id. at 43. Further, the legislature may enact a provision that allows the sworn statement of the arresting officer to serve as a measure of proof in such an administrative proceeding, Kirby, supra, at 462, and may statutorily prescribe whether the Rules of Evidence should be adhered to in an administrative proceeding. Simon v. Lake GeaugaPrinting Co., supra, at 43.
Upon consideration of the foregoing, this court finds appellants' first argument in support of their assignment of error without merit.
Appellants further challenge the sufficiency of the information contained on the BMV forms to sustain their administrative license suspensions.
In an appeal brought to challenge a trial court's continuation of the suspension of a person's driver's license pursuant to R.C. 4511.191, the standard of review is "whether there is some competent, credible evidence to support the lower court's ruling." Metzger v. McCullion (June 15, 1990), Lucas App. No. L-89-170, unreported. Upon consideration of the entire record of proceedings before the trial court in each appellant's case, we find that there was competent, credible evidence based on the BMV forms to support the trial court's rulings continuing the suspension of each appellant's driver's license.
Accordingly, this court finds that the trial court did not err by continuing the suspensions of appellants' driver's licenses and appellants' sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellants were not prejudiced and the judgments of the Ottawa County Municipal Court are affirmed. Court costs of this appeal are assessed to appellants equally.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ George M. Glasser, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.