OPINION
Defendant-appellant, Van Stop, Inc. appeals from a judgment in the amount of $1,100 entered by the Fairfield Municipal Court in favor of plaintiff-appellee, Mel Farr Ford, following a bench trial. We affirm.
Appellant converts vans and other motor vehicles for use by handicapped customers. To accommodate a wheelchair, appellant removes the van's roof, welds on additional material, and then finishes and paints the added material to match the original. After interior modifications are completed, the roof is put back on the van. Appellee had previously performed finish and paint work on approximately thirty other vehicles for appellant, without problems. In March of 1997, appellant requested that appellee perform finish and paint work on three vans, generally described as a 1990 van, a 1995 Chevy van, and a 1997 Chevy van.
The vans in question were worked on by Michael Plum, a body man painter for appellee. The 1990 van was completed before the other two and no complaints were reported. Plum testified that he spoke with appellant's representatives who delivered the other two vans. The vans contained metal kits welded in for wheel chairs. The kits were described as "bare plate steel and angle iron steel." Plum stated that the 1990 van had been "welded nice, there was no gaps in the metal everything was fit nice." Plum stated that the 95 and 97 vans needed more body work. Plum testified that he specifically asked if appellant wanted body work performed on these vans and was told "no body work." Plum's directions were to seam seal and paint only. Plum admitted that after completing the requested work, the vehicles did not look that good because "they needed metal work and body work [and] seam sealer is not metal work and body work."
Appellee's assistant body shop manager, Paul Matusack, testified that when the 95 and 97 vans were brought in, he called appellant's president, Jerry Stephens, and asked him what he wanted done. Matusack stated that he called Stephens because the vans needed additional work, but Stephens replied that he only wanted them seam sealed and painted.
Stephens testified that he told Matusack that he did not want "bondo" placed in the seams on the tops of the doors, because bondo cracks when the door is slammed, while a seam seal is pliable. Stephens did not recall if he had been asked specifically whether he wanted other body work done. He stated that he wanted the vans "to look like General Motors had made them." Stephens stated that Matusack agreed that the vans did not look good and offered to fix the vans for a price. Stephens expected them to be fixed free of charge and therefore took the vans to another shop.
Appellee did not pay the invoice amount of $550 per van. Appellee presented testimony from the body shop proprietor, Curtis Collins, who subsequently worked on the vans. Collins testified that the vans looked terrible. Collins testified that he removed the seam sealer and paint and applied bondo in order to straighten out the tops of the doors. Collins testified that without bondo, there was "was no way I was going to get it to look right." Collins also acknowledged that he performed additional body work on the vans, although this had not been specifically requested, before sealing and painting. Collins' total bill for the two vans was in excess of $2,400.
The trial court found for appellee on its breach of contract claim, finding that appellee had performed the specific seam seal and paint work which had been requested and that appellant had specifically refused to authorize additional body work. Appellant's sole assignment of error contends that the trial court's verdict and judgment was against the manifest weight of the evidence.
In determining whether sufficient evidence was presented to prove a civil claim, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279; Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. When resolving a manifest weight of the evidence claim, the function of an appellate court is not to weigh the evidence and pass upon its sufficiency, Betsy Ross Foods, Inc. v. Akron, Canton Youngstown Railway Co. (1983), 13 Ohio App. 145, 147, nor should the reviewing court usurp the function of the trier of fact by substituting its judgment for that reached by the trier of fact. See Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41. Rather, the appellate court's limited role is to ascertain whether competent, credible evidence supports the judgment. This deferential review "is premised upon the fact that it was the trier of fact who had the best opportunity to view the witnesses, observe their demeanor, gestures and voice inflections and ultimately, assess and evaluate their credibility." United Ohio Insurance v. Gray (Oct. 5, 1992), Brown App. No. CA92-05-010, unreported. With this standard in mind, we review the testimony elicited at trial.
Although a purchase order was later prepared, this case involved an oral contract. Appellant's president claimed that he contracted for a workmanlike job and for a van that would look as if it had been made by the original manufacturer. Appellee's representatives, on the other hand, claimed that the contract was only for sealing and painting and specifically excluded body work. The terms of an oral contract must be established by oral testimony and their determination is a question of fact. Boone Coleman Const. v. Spencer (June 23, 1993), Scioto App. No. 92-CA-2076, unreported. In a bench trial, the trial court, as the trier of fact, must resolve any evidentiary conflict surrounding disputed provisions of an oral contract. See Geriatric Nursing Care v. Eastgate Health Care Center, Inc. (July 12, 1993), Clermont App. No. CA93-03-022, unreported. The trial court's determination on such conflicts will not be disturbed on appeal when supported by competent, credible evidence.
Although the evidence was conflicting, the record clearly reveals that there was competent, credible evidence to support the trial court's determination that the parties contracted for seam seal and paint only and that appellee performed its part of the bargain. Under these circumstances, the judgment was supported by competent, credible evidence. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.