**VINEYARD WINE SHOPPE, Appellee,**

**v.**

**WEISENT et al.; Ohio Bureau of Employment Services, Appellant.**

[Cite as *Vineyard Wine Shoppe v. Weisent* (1999), 133 Ohio App.3d 268.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73917.

Decided March 22, 1999.

*Betty D. Montgomery*, Attorney General, and *Betsey Nims Friedman*, Assistant Attorney General, for appellant.

KILBANE, Judge.

Appellant, the Administrator of the Bureau of Employment Services ("OBES"), appeals the decision by Judge Frank Celebrezze, Jr., reversing its determination that Vicki L. Weisent is entitled to receive unemployment compensation benefits. It contends that Weisent's termination by appellee, Vineyard Wine Shoppe ("Vineyard"), while on layoff does not preclude her receipt of benefits. We agree and reverse.

Weisent worked for Vineyard as store manager from January 1996 until June 6, 1996. On June 6, 1996, when Weisent should have been present, Vineyard's liquor license was removed by the previous owner of the shop and Vineyard was required to close for an indefinite period of time. Weisent informed her employer of the license removal on that date. On June 15, 1996, Vineyard sent Weisent a letter, informing her that her employment was terminated for poor performance. The poor performance noted was that Weisent was not at the shop, as she was scheduled to be, when the previous owner removed the license.

OBES initially determined that Weisent was eligible for unemployment benefits because she was separated from Vineyard due to lack of work. Vineyard contested this determination, claiming that she was separated one week after the

layoff due to her poor job performance. The decision allowing Weisent benefits was ultimately affirmed by the Unemployment Compensation Board of Review. Vineyard appealed the grant of benefits to the Cuyahoga County Common Pleas Court. Judge Celebrezze considered the appeal and on December 26, 1997, made the following journal entry:

"It is the finding of this Court that the decision of the Ohio Unemployment Compensation Board of Review was unlawful, unreasonable and against the manifest weight of the evidence. Consequently, the decision of the Unemployment Compensation Board of Review is reversed."

OBES's sole assignment of error reads:

"The common pleas court erred in its decision reversing the Ohio Unemployment Compensation Review Commission's [sic] finding that claimant's separation from work entitled her to unemployment compensation as there is competent, credible evidence in the record that claimant was separated from her employment due to lack of work."

█ Vineyard, while not filing a brief in this court, had successfully argued to the trial court that Weisent's absence facilitated the loss of the license and, thus, was the cause of her own lack of work. It contended that her discharge precluded receipt of any unemployment benefits.

█ OBES argues that under Ohio law once Weisent was laid off, the employment relationship was terminated and she could not be discharged prior to being called back to work. A trial court may not reverse a decision granting unemployment compensation benefits unless it finds the decision to be unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207, 1210. In this case, the trial court erred in finding that the OBES decision was so flawed. In *Distribution II Transmanagement Corp. v. Howell* (Dec. 30, 1988), Franklin App. No. 86AP–507, unreported, 1988 WL 142114, the court determined that once an employee was laid off for lack of work, that employee could not thereafter be discharged unless recalled to work, as the employee was already separated from work. The court also stated that evidence of the employee's conduct prior to the layoff was irrelevant if the employee was separated from employment due to a lack of work. *Id.*

In the instant case, OBES's determination followed a valid appellate court decision, and, thus, OBES did not act unreasonably or unlawfully. Furthermore the evidence in the record supports the finding that Weisent was precluded from working at Vineyard because the store was closed; therefore, OBES's determination was not against the manifest weight of the evidence. See, also, *Simon v. Lake Geauga Printing Co.,* (1982) 69 Ohio St.2d 41, 23 O.O.3d 57, 430 N.E.2d 468.

Interestingly, the issue of whether Weisent's absence was the cause of the lack of work was never factually determined. The trial court, sitting as a court of appellate review, could not reverse on the basis that OBES's determination was against the manifest weight of the evidence because that determination had not been made.

We are mindful that other courts have held that an employee, while separated from work due to a layoff, may be discharged and ineligible for unemployment compensation benefits. See, *e.g.*, *Quarto Mining Co. v. Adams* (Dec. 21, 1998), Monroe App. No. 777, unreported, 1998 WL 896430 (cause remanded to determine whether discharge of employee during layoff was for just cause that would terminate further benefits for claimant); *Batavia Nursing & Convalescent Inn v. Kidd* (June 23, 1986), Clermont App. No. CA85–12–113, unreported, 1986 WL 7121 (claimant discharged while on layoff from work was not entitled to receive unemployment compensation benefits).

The standard of review of an unemployment compensation case is limited, and we believe that these courts have extended the scope of review beyond examining whether the benefits determination was lawful, reasonable, and in accord with the evidence.

The judgment of the common pleas court is reversed, and the decision of the Ohio Unemployment Compensation Board of Review is reinstated.

*Judgment reversed.*

SPELLACY, P.J., concurs.

MICHAEL J. CORRIGAN, J., concurs in judgment only.