In June 1995, appellants, Community Mutual Insurance Company ("Community"),[1] brought suit on behalf of its insureds, Leola and David Beale, against appellees/cross-appellants, Perkins Plaza, Inc. and Cafaro Company.[2] Community sought the recovery of medical expenses paid on behalf of Leola for injuries she allegedly suffered as a result of a slip and fall which occurred on a Hills Department Store ("Hills") ramp. The Hills store was then operating in the Perkins Plaza shopping center. The Beales, also appellants in this action, moved to intervene as co-plaintiffs, alleging additional claims, injuries and damages related to the incident.
Appellees moved for and were denied summary judgment. Appellants[3] moved for and were granted partial summary judgment on the basis that appellees' failure to install a required handrail along the ramp constituted negligence as a matter of law.[4]
In March 1998, a jury trial was conducted on the issues of proximate cause and damages. At trial, Mrs. Beale testified that she fell forward when her foot slipped and the toe of her shoe caught on a hole. She alleged that because there was no handrail, she was unable to prevent herself from falling and fracturing her right knee cap. Mrs. Beale identified photographs of the ramp taken by her husband shortly after the incident. She acknowledged that she also suffered from other health problems, including emphysema and osteoporosis.
In a video deposition, her doctor testified as to Mrs. Beale's treatment and prognosis for recovery. He stated that Mrs. Beale suffered from permanent chronic pain. The doctor also noted that pain in the tissues surrounding the knee prevented her from undergoing knee replacement therapy. Mrs. Beale's husband and daughter also testified as to medical treatment provided to Mrs. Beale and the changes in the quality of her life style.
Appellants then presented the testimony of an architect, who stated that the ramp's slope was somewhat steeper than normal. The architect also testified that the ramp did not comply with the Ohio Building Code, which requires ramps under canopies to have handrails. The architect referred in his testimony to photographs he took two years after the incident. However, these photos were not admitted into evidence, since no testimony was presented that they represented the condition of the ramp at the time of Mrs. Beale's accident.
Appellees offered no evidence or testimony in defense except the proffered testimony of another architect as to the ramp specifications and conditions.[5] The jury returned a verdict in favor of appellees. Appellants moved for but were denied a new trial.
Appellants now appeal that judgment, setting forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE VERDICT IS WHOLLY UNSUPPORTED BY COMPETENT EVIDENCE, AND IS THEREFORE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"ASSIGNMENT OF ERROR NO. 2
 "THE COURT COMMITTED PLAIN ERROR BY FAILING TO REQUIRE THE JURY TO ACCOMPANY ITS VERDICT WITH ANSWERS TO INTERROGATORIES ON THE ISSUE OF COMPARATIVE NEGLIGENCE."
Appellees/cross-appellants set forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.
"SECOND ASSIGNMENT OF ERROR
 "THE COURT ERRED IN REFUSING TO SUBMIT TO THE JURY THE STANDARD O.J.I. INSTRUCTION REGARDING PREMISES LIABILITY."
 I.
We will first address appellants' second assignment of error, in which appellants argue that the trial court erred in failing to submit interrogatories on the matter of comparative negligence to the jury.
When a party fails to object to jury instructions before a jury retires to consider its verdict, the party may not appeal the giving or failure to give such instruction. Civ.R. 51(A);Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph two of the syllabus. However, such error may be addressed under the doctrine of plain error. Schade v. Carnegie Body Co., supra. Plain error "is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect [sic] on the character and public confidence in judicial proceedings." Id. at 209. In civil cases, the plain error doctrine is utilized only in exceptional circumstances to prevent a manifest miscarriage of justice.Cleveland Elec. Illum. Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268,275.
In this case, the jury instructions were submitted without objection and were specifically consented to by the parties. Thus, we must review any claimed errors under the plain error standard.
On review, a trial court's jury instructions must be considered as a whole whether or not the instructions "probably misled the jury in a matter materially affecting the complaining party's substantial rights." Becker v. Lake Cty. Mem. Hosp. West
(1990), 53 Ohio St.3d 202, 208. In this case, we initially note that the trial court indicated its awareness of the potential for error by sua sponte expressing its reservations in a "secret" record.[6] In our view, when a trial court is aware of an obvious error in jury instructions, it has a duty to charge the jury with instructions that reflect the correct and applicable law. Nevertheless, even assuming that the omission of the instruction on comparative negligence or interrogatories was improper, we cannot say that, under the facts of this case, appellants were prejudiced. The record indicates that the jury was simply instructed to determine first, whether appellees' negligence, i.e., the ramp and lack of handrail, was the proximate cause of Mrs. Beale's fall, and, if so, what damages she was entitled to as a result of that fall. Since the jury found in favor of the defendant, there was no need for additional interrogatories for the purposes of apportioning fault and damages between appellants and appellees. Therefore, appellant was not prejudiced by the failure to submit interrogatories as to comparative negligence. Such failure, in our view, worked to appellants' benefit. Therefore, we cannot say that such omission in removing from jury vote formal consideration of comparative negligence constitutes plain error.
Accordingly, appellants' second assignment of error is not well-taken.
 II.
Appellants, in their first assignment of error, contend that the verdict was against the manifest weight of the evidence.
In determining whether sufficient evidence was presented to prove a civil claim, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. Seasons Coal Co., Inc.v. Cleveland (1984), 10 Ohio St.3d 77, 80. When resolving a manifest weight of the evidence claim, the function of an appellate court is not to weigh the evidence and pass upon its sufficiency. Betsy Ross Foods, Inc. v. Akron, Canton YoungstownRy. Co. (1983), 13 Ohio App.3d 145, 147. The reviewing court may not usurp the function of the trier of fact by substituting its judgment for that reached by the trier of fact. Simon v. LakeGeauga Printing Co. (1982), 69 Ohio St.2d 41, 45. This deferential review "is premised upon the fact that it was the trier of fact who had the best opportunity to view the witnesses, observe their demeanor, gestures and voice inflections and ultimately, assess and evaluate their credibility." United OhioIns. v. Gray (Oct. 5, 1992), Brown App. No. CA92-05-010, unreported.
In the present case, appellants' argument is based upon issues of credibility and sufficiency of the evidence. Evidence was presented from which the jury could have found that Mrs. Beale simply failed to negotiate the ramp and that a handrail would not have necessarily prevented her from falling. Therefore, we conclude that the jury's verdict was not against the manifest weight, since competent credible evidence was presented going to all the essential elements of the case.
Accordingly, appellants' first assignment of error is not well-taken. Appellees' two assignments of error on cross-appeal are therefore rendered moot.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Melvin L. Resnick, J.
JUDGE
 ____________________________ James R. Sherck, J.
JUDGE
 _________________________________ Mark L. Pietrykowski, J.
JUDGE
CONCUR.
[1] In November 1997, Community Insurance Company was substituted as successor in interest to Community Mutual Insurance Company. Although the caption in the trial court was amended to read "Community Insurance Company" as plaintiff, for the sake of clarity, we have used the name referred to in the trial court pleadings and on appeal, "Community Mutual Insurance Company."
[2] Other defendants named were Hills Department Store and Hill Store Company, as statutory agents. However, these entities are not parties to this appeal.
[3] Unless otherwise designated, "appellants" refers collectively to Community Insurance company and the Beales.
[4] This issue was the subject of appellees' first cross-assignment of error. Although this assignment of error is moot in light of our other determinations in the case, we note, however, that subsequent to the trial court's ruling in this case, the Supreme Court of Ohio specifically addressed the issue of negligence per se in a case involving a violation of the OBBC. SeeChambers v. St Mary's School (1998), 82 Ohio St.3d 563, holding that "the violation of an administrative rule does not constitute negligence per se; however, such a violation may be admissible as evidence of negligence." Id., at the syllabus.
[5] This architects' testimony had been excluded because of a failure to timely disclose expert witnesses as required by the Civil Rules of Procedure.
[6] After the instructions were submitted, but prior to charging the jury, the trial court made a separate record, outside the presence of the attorneys, to express concern over the omission of a charge as to comparative negligence in the agreed upon jury instructions.