JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Case Western Reserve University ("CWRU") appeals a trial court's decision affirming an order by the Review Commission, which affirmed the Director of the Ohio Department of Job and Family Services' ("ODJFS") decision that Doris Zimmerman was separated from her job with CWRU for lack of work. CWRU assigns the following as error for our review:
 {¶ 2} "The trial court erred in affirming the Review Commission's decision that Ms. Zimmerman was discharged from her employment at CWRU due to a `lack of work' and therefore was entitled to unemployment compensation benefits."
 {¶ 3} Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 4} Doris Zimmerman began her employment with Case Western Reserve University ("CWRU") as a visiting assistant professor on August 21, 2000. Zimmerman was hired pursuant to an employment contract entered into by her and CWRU. The employment contract stated Zimmerman was being offered employment for the 2000-2001 academic year, August 21, 2000 to May 20, 2001. The contract further stated her position was "not a tenure track appointment, nor does it lead to future tenure consideration." Zimmerman left the employ of CWRU at the end of the contract term. Zimmerman subsequently applied for unemployment benefits, and her application for benefits was allowed.
 {¶ 5} In its sole assigned error, CWRU argues Zimmerman voluntarily entered into a temporary employment contract for a specific term and at the end of the term she voluntarily left her employment with CWRU; as such, she is ineligible for unemployment benefits. In Ohio, "the fact that the unemployment is the result of the expiration of a contract for employment is irrelevant."[1] The rationale for this position is that eligibility for unemployment benefits depends upon the establishment of an employment relationship followed by involuntary unemployment. Consequently, in Ohio a presumption exists that the employee separated for lack of work; this presumption may be rebutted by the employer testifying that it indeed had work but the employee left voluntarily. Here, the hearing officer specifically asked CWRU's director of employment relations whether CWRU had work for Zimmerman at the end of her contract, and he responded CWRU did not.
 {¶ 6} Nevertheless, CWRU argues other jurisdictions have reviewed this issue and concluded an employee who voluntarily agrees to a one-year contract is not terminated for lack of work because she agreed to work for only one year. Regardless of CWRU's argument, we are bound by the interpretation reached by Lexington and our standard of review as set forth in Brown-Brockmeyer Co. v Roach[2] which held reviewing courts may reverse unemployment benefit determinations "if they are unlawful, unreasonable, or against the manifest weight of the evidence." The court further noted while appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have a duty to determine whether the board's decision is supported by competent, credible evidence in the record.[3]
 {¶ 7} CWRU argues we should look at cases from other states and depart from Lexington. We decline to do so. Besides, the cases CWRU cites are factually different. For example, in Calkins v. Board of Review ofDept. of Employment Security,[4] claimant was hired as a temporary replacement secretary. By agreement, she was to work for a short period of time during the absence of the regular secretary. The claimant clearly did not want any more work: "An unrefuted statement that the claimant did not desire any more work than she anticipated performing for the [employer] serves to effectively bar her claim for unemployment benefits."[5] Here, the hearing officer had competent, credible evidence from CWRU's director that CWRU had no work for Zimmerman.
 {¶ 8} This was also the case in Lexington. In Lexington, the court stated "Under the circumstances, it must be held that claimant's separation from Lexington Township police was due to a lack of work. No disqualification for benefit rights should be imposed as a result of this separation."[6] Accordingly, we overrule CWRU's assigned error.
Judgment affirmed.
JAMES J. SWEENEY, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Lexington Township Trustees v. Stewart (Mar. 17, 1986), Stark App. No. 6766, citing Mathien v. Dudley (1967), 10 Ohio App.2d 169, 174.
[2] (1947), 148 Ohio St. 511, cited in Central Ohio Joint VocationalSchool District Board of Education v. Admr. Ohio Bureau of EmploymentServices, et al. (1986), 21 Ohio St.3d 5.
[3] Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41.
[4] (Ill.App. 1986), 141 Ill App.3d 36.
[5] Id. at 41.
[6] Lexington at 9.