JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Mike Jelic ("appellant") appeals from the decision of the Unemployment Compensation Review Commission ("Review Commission") and the Cuyahoga County Common Pleas Court. On December 9, 2002, the Cuyahoga County Common Pleas Court affirmed the Review Commission's initial December 26, 2001 determination. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} Appellant in this case began working for G J Automatic Systems as a machinist on April 3, 2000. Appellant was employed at G J for approximately 14 months. Appellant reported for work on June 27, 2001, and had a problem with a tool that he broke. Appellant's supervisor told appellant to go home, which he did. Later, the next day, appellant went to work where he turned in his uniforms, obtained his paycheck, and left the building.
 {¶ 3} Appellant applied for unemployment compensation, and the Ohio Department of Job and Family Services ("ODJFS") issued its initial decision on December 26, 2001, denying appellant unemployment compensation. On January 23, 2002, the ODJFS affirmed the initial determination. Appellant then filed an appeal of the ODJFS' redetermination. ODJFS, pursuant to R.C. 4141.28(G), transferred the appeal to the Review Commission. The Review Commission held an evidentiary hearing before a hearing officer. On February 28, 2002, the hearing officer affirmed the ODJFS' redetermination decision, holding that the appellant quit his job without just cause. After the Review Commission affirmed the ODJFS, the appellant then appealed his case to the Court of Common Pleas. The Court of Common Pleas agreed with the ODJFS and the Review Commission and affirmed the prior decision. Appellant is now appealing the decision of the Court of Common Pleas.
 II {¶ 4} Appellant's five assignments of error are substantially related and will, therefore, be addressed together.
 {¶ 5} Appellant is representing himself pro se and has failed to submit his errors in standard format. However, in order to provide additional clarification, this court will now list appellant's five assignments of error verbatim below.
 {¶ 6} Appellant's first assignment of error states:
 {¶ 7} "Bureau, Director, hearing officer, the Common Pleas Court have erred in refusing to recognize and accept black on white paper NO
answer to the first question on the page 2 of the form JFS00447, mailed on the date 11-07-2001. The same gang erred again, when has accepted manager's statements (lies), with none of any prove (the proof), on the same form # JFS00447 (Rev. 12-2000), and the same page."
 {¶ 8} Appellant's second assignment of error states:
 {¶ 9} "Bureau's bureaucracy and Common Pleas Court erred in refusing to accept the statement by supervisor Mr. J on Examiner's fact-finding report — 1 dated 01-21-02 and statement by the witness dated January, 7-2002."
 {¶ 10} Appellant's third assignment of error states:
 {¶ 11} "Hearing officer erred in suppressing and stopping the cross examinations of company's witness, manager by my attorney Mr. Joseph P. McCafferty."
 {¶ 12} Appellant's fourth assignment of error states:
 {¶ 13} "Hearing officer and Common Pleas Court erred in accepting the lie (intentionally) on the form JFS00447 page 01 mailed on 11-07-01."
 {¶ 14} Appellant's fifth assignment of error states:
 {¶ 15} Bureau's administration and Common Pleas Court erred in accepting the following form JFS00876 mailed on 11-20-01. The same form is null and void."
 {¶ 16} As previously stated, appellant's atypically phrased assignments of error are all substantially interrelated and will, therefore, be addressed together.
 {¶ 17} An appellate court may reverse the unemployment compensation board of review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694. As the Review Commission is in the best position to weigh evidence and assess the credibility of the witnesses, a reviewing court may not infringe on that primary jurisdiction and replace its judgment with that of the Review Commission. Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41. In fact, appellate courts are not permitted to make factual findings, and are limited to determining whether the commission's decision is supported by credible evidence in the record. Tzangas, Plakas Mannos, supra.
 {¶ 18} According to the record, appellant's non-union employment relationship with G J Automatic Systems ended only after appellant: (1) was sent home for the day;[1] (2) was reprimanded by his supervisor;[2] (3) informed his co-workers that he was quitting;[3]
(4) turned in his uniforms;[4] (5) collected his paycheck; and (6) broke a tool and hid that fact from his supervisor.
 {¶ 19} The fact that appellant returned his uniforms on a day that they were not supposed to be turned in demonstrates an intention to voluntarily end employment on the part of appellant. Moreover, after appellant turned in his uniforms, he did not talk to a supervisor to determine exactly what the company's position was. If appellant was worried about being laid off rather than quitting, he would have been less likely to leave without first ascertaining his current employment status. If an individual is quitting, he or she is more likely to leave and not care what management's position is.
 {¶ 20} Furthermore, the witnesses' testimony in the record that appellant made statements to his co-workers that he was quitting and that he found other employment supports the lower court's finding that appellant voluntarily quit employment with G J Automatic Systems. Appellant's comments to his co-workers that his supervisor is a "freak" further supports the position that appellant wanted to voluntarily end his employment.
 {¶ 21} The Review Commission is in the best position to weigh the evidence and assess the credibility of the witnesses. The testimony given by Angie Helcbergier, David Marion, the appellant and the record more than support the position and findings of the lower court. There is nothing in the record to indicate that the lower court's decision is unlawful, unreasonable or against the manifest weight of the evidence. Appellant's first, second, third, fourth and fifth assignments of error are denied.
 {¶ 22} The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., concurs.
[1] Tr. p. 7.
[2] Tr. p. 7. Direct examination of claimant, Mike Jelic, by hearing officer. "A. Yes. And supervisor, Mr. Jay, was * * * becomes angry and refused my offer and told me to go home. And I had to go home. He told me twice, go home."
[3] Tr. p. 28. Direct examination of employer's witness, David Marion. "Q. No, all right. And do you recall or were you privy to anything the following morning? A. The following morning, Mike come in, he had his uniforms, I asked him what he was doing and he told me he was quittinghis job. I asked him why. He said that he felt that Jay did not like him because this was the second time he was sent home. Q. Did you say anything to him? A. Yeah, I says, don't quit, Mike. You know, you messed up and Jay wasn't maybe in the greatest of moods. * * *" (Emphasis added.) Direct examination of employer's witness, Angie Helcbergier. "* * * He did bring them in [his uniforms] and he told his co-workers, two mechanics, that he's quitting. They asked him why you bringing uniforms, what happened, and he said, I was going to quit, I found another job and no longer want to work here. Q. Who are the co-workers? A. One of them is David Marion, which is a witness here. The other one is Robert Checkic (phonetic)."
[4] Tr. p. 16.