[Cite as *Midwest Terminals of Toledo, Internatl., Inc. v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-328.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Midwest Terminals of Toledo
International, Inc.

       Appellant

v.

Director, Ohio Department of Job &
Family Services, et al.

       Appellee

Court of Appeals No. L-15-1019

Trial Court No. CI0201402229

**<u>DECISION AND JUDGMENT</u>**

Decided: January 29, 2016

* * * * *

Ronald L. Mason and Aaron T. Tulencik, for appellant.

Mike DeWine, Ohio Attorney General, and Eric A. Baum,
Managing Attorney, for appellee.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} In this appeal, appellant Midwest Terminals of Toledo International, Inc.

seeks reversal of a decision by the Lucas County Court of Common Pleas. The lower

court affirmed the Unemployment Compensation Review Commission's finding that appellant's termination of the claimant, Otis K. Brown, was without just cause and therefore that claimant was entitled to unemployment compensation benefits.

{¶ 2} For the reasons that follow, we affirm.

## II.  Facts and Procedural History

{¶ 3} Appellant operates a full-service port at the mouth of the Maumee River in Lucas County, Ohio.  Claimant worked for appellant as a skilled laborer from October of 2001 until October 1, 2013.  On that day, appellant terminated claimant for violating the company's equipment abuse and misuse policy.

{¶ 4} Appellant alleged that claimant, while driving an end loader, "improperly and, most likely purposefully, rode the brakes throughout his 12 hour shift."   Appellant's equipment abuse and misuse policy provides for immediate termination in the event an employee causes damage exceeding $500.   In this case, the cost to repair the end loader exceeded $24,000.

{¶ 5} Claimant filed for unemployment benefits, and a hearing was held before a UCRC hearing officer on February 3, 2014.  Three witnesses testified at the hearing:  the director of operations and the human resources director, both of whom testified for appellant, and the claimant.

## III.  The UCRC Decision

{¶ 6} In awarding unemployment compensation benefits to claimant, the UCRC found,

2.

The claimant provided the more credible firsthand, sworn testimony in which he denies riding the brakes, denies engaging the parking brake for an extended period of time, and denies causing damage to the brakes at all. He testified credibly that, as soon as he saw the warning light at the end of his shift, he reported it to his supervisor and took the equipment to the shop, as instructed. The Hearing Officer finds that there is insufficient evidence in the record to demonstrate fault or wrongdoing by the claimant that justified his discharge. It is held that claimant was discharged by [appellant] without just cause in connection with work.

{¶ 7} Pursuant to R.C. 4141.282, appellant appealed the UCRC's decision into the Lucas County Court of Common Pleas. On December 31, 2014, the lower court affirmed the administrative decision to award claimant unemployment compensation.

{¶ 8} Appellant filed a notice of appeal on January 27, 2015. Appellee, the Ohio Department of Job and Family Services ("ODJFS"), filed a brief in support of the lower court's decision.[1] Claimant did not file a brief, or otherwise participate in the appeal.

---

[1] In its brief, the ODJFS refers to its own "counter-assignment of error." It did not, however, file a notice of cross-appeal, nor does it urge anything other than affirmance of the lower court's decision. Therefore, we treat the agency's "counter-assignment of error" as arguments in support of the UCRC decision.

3.

## IV. Appellant's Assignment of Error

The underlying administrative decision is unlawful, unreasonable and/or against the manifest weight of the evidence because the record evidence establishes that Mr. Brown was discharged for just cause.

## V. Law and Analysis

{¶ 9} As a reviewing court, we may only reverse the UCRC if its decision is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995), paragraph one of the syllabus. Moreover, the UCRC is vested with the sole authority to make factual findings and determine the credibility of witnesses. Neither the lower court nor this court is permitted to weigh the evidence or substitute our judgment for the UCRC. *Elliott v. Bedsole Transp., Inc.*, 6th Dist. Lucas No. L-11-1004, 2011-Ohio-3232, ¶ 12-13, citing *Simon v. Lake Geauga Printing Co.*, 69 Ohio St.2d 41, 45, 430 N.E.2d 468 (1982). Rather, our role is limited to determining whether the UCRC's decision is supported by the evidence in the record. *Tzangas* at 696. The same standard of review is shared by all reviewing courts, from the common pleas court through the Ohio Supreme Court. *Id.* R.C. 4141.282(H).

{¶ 10} Pursuant to R.C. 4141.29(D)(2)(a), no individual may receive benefits if that individual "has been discharged for just cause in connection with the individual's work." The Ohio Supreme Court defined "just cause" as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v.*

4.

*State of Ohio Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). "Fault on behalf of the employee remains an essential component of a just cause termination." *Tzangas* at 698. Thus, the issue before us focuses on whether appellant's decision to terminate claimant was justified under such a standard.

{¶ 11} In support of its argument that the UCRC's decision was unlawful, unreasonable and against the manifest weight of the evidence, appellant complains that the hearing officer disregarded evidence that claimant was "riding the brakes" and "instead only focused on" evidence pertaining to claimant's alleged misuse of an emergency brake.

{¶ 12} We disagree. Nearly all of the evidence in the record indicates that appellant terminated claimant for "riding the brakes," meaning that he operated the end loader in gear, while simultaneously using the brakes. The director of operations testified to this effect; a memo from appellant to claimant's union states as much; and a transcript from a meeting two days after claimant's termination indicates that he was fired for "[r]iding the brakes."

{¶ 13} One document in the file states that claimant misused "the parking brake of the [end loader] at some point for an extended period of time * * *." However, all sides seem to agree that this reference to a parking brake was made in error. Indeed, claimant and the operations manager both testified at hearing that when the parking brake was engaged, the end loader was immovable. In other words, operating the end loader while the parking brake was engaged—intentionally or otherwise—was simply not possible.

5.

Thus, appellant did not allege, and did not terminate claimant for, misusing the parking brake. Further, we do not read the UCRC opinion as saying otherwise. Instead, the hearing officer merely noted that the employer's witness "denied" that claimant misused the parking brake.

{¶ 14} Moreover, it is simply incorrect to say that the hearing officer "only focused on" the parking brake. The crux of this case is the UCRC's conclusion that claimant "provided the more credible firsthand, sworn testimony" that appellant did not damage the brakes, whether by riding the brakes or misusing the parking brake. Likewise, the hearing officer favored claimant's testimony over appellant's that "as soon as [claimant] saw the warning light at the end of his shift, he reported it to his supervisor." Appellant had alleged that claimant failed to report the warning light "until the end of his shift."

{¶ 15} Finally, appellant complains that the hearing officer "failed to give the proper weight" to a work order prepared by a service technician who repaired the brakes. The work order indicates that, on the day of the incident, the brakes were dangerously hot and the "the [p]roblem was due to operator not using machine properly." This evidence was introduced at hearing, but the service technician was not called as a witness. We will not disrupt the hearing officer's decision to accord more weight to claimant's live testimony over the appellant's hearsay evidence.

{¶ 16} We have reviewed the record. Like the trial court, we find that the UCRC's conclusion that claimant was terminated from his employment without just

6.

cause was supported by competent, credible evidence and was not against the weight of the evidence.  As such, the decision must be affirmed.  Appellant's assignment of error is not well-taken.

{¶ 17} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                     JUDGE

Stephen A. Yarbrough, J.

                                            _____

James D. Jensen, P.J.                                    JUDGE
CONCUR.

                                            _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.