[Cite as *Chiro v. Foley*, 2013-Ohio-4808.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99888**

## JOSEPH A. CHIRO

PLAINTIFF-APPELLANT

vs.

## MARCIE L. FOLEY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP-D-330950

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**ATTORNEY FOR APPELLANT**

Douglas P. Whipple
Whipple Law, L.L.C.
13940 Cedar Road
Suite 420
University Heights, OH    44118


**ATTORNEY FOR APPELLEE**

Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Joseph A. Chiro appeals from the decision of the Cuyahoga County Common Pleas Court, Domestic Relations Division. Chiro argues the trial court erred in concluding that he constructively discharged Marcie Foley from her position, by admitting an email message into evidence, by excluding Chiro's employee handbook, by denying his motion to present additional evidence and in causing a delay of 16 months from the presentation of evidence until the issuance of the decision. For the following reasons, we affirm the decision of the trial court.

{¶2} Chiro filed for divorce from Foley in 2010 and the court entered a final decree on November 19, 2010. Prior to their divorce, Foley had been an employee of Chiro's company, CHJ Corporation, d.b.a. Westview Acres Apartments. In the final divorce decree, the parties agreed to the following language regarding spousal support:

> Husband and Wife each waive his or her right to any spousal support which may be due from the other at the present time. However, the court retains jurisdiction for a period of three years to award spousal support to the Wife for three (3) years in the event Wife's employment is terminated not for cause in which event Wife will be entitled to monthly spousal support commensurate with her current salary of $50,000.00 plus benefits.

{¶3} The order further provides that "each party agrees not to annoy or interfere with the other in any manner whatsoever."

{¶4} On February 9, 2011, Foley filed a motion to establish spousal support. On June 9, 2011, Chiro filed his motion to terminate spousal support. The court conducted numerous pretrials in an attempt to narrow the issues raised in the parties' motion. Ultimately, the parties stipulated that the issues raised in their respective

motions would be submitted to the court solely upon the parties' submission of the following documents to the court:

> 1) a transcript of a hearing before Hearing Officer Martin Kraus of the State of Ohio Unemployment Compensation Review Commission regarding the Defendant's claim for Unemployment benefits;
>
> 2) such additional affidavits and written argument as the parties chose to submit.

{¶5} Foley was employed by CHJ Corporation, Chiro's business, before, during and after the parties' divorce. On April 19, 2011, Foley took a leave of absence from her position with the company and effectively resigned from her employment. Foley claims she was constructively terminated from her employment without cause and Chiro asserts that Foley quit her job of her own accord.

{¶6} The evidence before the trial court included the previously-referenced hearing before the State of Ohio Unemployment Compensation Review Commission relating to Foley's claim for unemployment benefits, which Chiro contested. The transcript contains the testimony of Chiro, Foley and Liz Blystone. As stated by the magistrate:

> [A]t all times pertinent to this hearing, the Plaintiff was the President of CHJ Corporation, that the Defendant and Ms. Blystone were employees of the corporation before, during and after the parties' divorce. Ms. Blystone remained an employee of the corporation, at least through her testimony before the State of Ohio Unemployment Compensation Review Commission. Her email to the Defendant dated 7/13/11 was acknowledge[d] and used by the hearing officer in the Unemployment Compensation Review Commission proceeding. That same email communique was submitted in this proceeding * * *.

**{¶7}** The magistrate reviewed the submitted evidence and concluded that Foley was constructively terminated from her employment. The magistrate wrote as follows:

> By his inaction relative [to] the demeanor of his employees (including the Defendant) in the work place, the Plaintiff allowed a work environment hostile to the Defendant to develop and to continue. Too, Plaintiff took it on himself to change the Defendant's employment in nature and in remuneration, leaving her no choice than to accept the new terms of employment put to her, or to quit. Either action by the Plaintiff, and certainly both in concert, are sufficient acts by the Plaintiff to warrant a finding that the Defendant was constructively terminated from her employment. That Defendant failed to accept the new conditions and wage reduction the Plaintiff instituted are not found to be circumstances that would support a finding of termination of employment for cause. The Magistrate concludes therefore that the Defendant was constructively terminated from her employment by the Plaintiff on 4/19/11. Defendant's termination was neither with cause, nor is it deemed to have been voluntary. Defendant is entitled to receive spousal support from the Plaintiff, therefore, pursuant to the terms of the divorce.

**{¶8}** The magistrate awarded Foley a total of $4,631.58 per month with all spousal support terminating on September 18, 2013. Chiro objected to the magistrate's decision but the trial court adopted the decision in its entirety. Chiro appeals, raising the following assigned errors:

## Assignment of Error I

The conclusion that Appellee was forced into an involuntary resignation of her employment is against the manifest weight of the evidence.

## Assignment of Error II

The Magistrate erred and abused his discretion, to the prejudice of Appellant, by admitting into evidence the email message of Elizabeth Blystone.

## Assignment of Error III

The Magistrate erred and abused its discretion, to the prejudice of Appellant, by excluding from evidence the Employee Handbook of Appellee's employer.

### Assignment of Error IV

The Trial Court erred and abused its discretion, to the prejudice of Appellant, by denying Appellant's motion to present additional evidence.

### Assignment of Error V

Appellant sustained prejudice due to the delay of one year and four months from the presentation of evidence until the issuance of the Magistrate's decision.

{¶9} In his first assigned error, Chiro argues the trial court erred in concluding that Foley was constructively discharged from her employment. We find no merit to this assigned error.

{¶10} In *Usaj v. Philips Med. Sys. Inc.,* 8th Dist. Cuyahoga No. 85296, 2005-Ohio-4132, this court discussed the required burden for a constructive discharge claim.

> To establish a "constructive discharge," a plaintiff must show that the employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983), quoting *Young v. Southwestern Savings & Loan Assn.*, 509 F.2d 140, 144 (5th Cir.1975). A constructive discharge generally cannot be established, however, simply through evidence that an employee was dissatisfied with the nature of his assignments. *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 360-361 (2d Cir.1993). "To find that an employee's resignation amounted to a constructive discharge, the 'trier of fact must be satisfied that the * * * working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184,

1188 (2d Cir.1987), quoting *Rosado v. Santiago*, 562 F.2d 114, 119 (1st Cir.1977). In *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir.2000), the court found that constructive discharge occurs if "working conditions are intolerable if they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Id.*, quoting *Chertkova v. Connecticut Gen. Life Ins.*, 92 F.3d 81, 89 (2d Cir.1996). Constructive discharge also requires deliberate action on the employer's part, and while the meaning of "deliberate" is unsettled, "something beyond mere negligence or ineffectiveness is required." *Whidbee v. Garzarelli* at 74; *see*, *e.g.*, *Kader v. Paper Software, Inc.*, 111 F.3d 337, 341 (2d Cir.1997).

**{¶11}** In the present case, the evidence shows that prior to the parties' divorce, Foley's employment was that of the "boss's wife" in a moderately sized business. Foley performed a variety of tasks for the business, she was free to do what she pleased, when she pleased and for which she was paid a salary of $51,000 per year with benefits. Prior to the divorce, there was no set limit on Foley's leave time and there was no credible evidence before the trial court that Foley worked under any expectation that she work any specified number of hours in a week. Foley received bonuses regularly.

**{¶12}** Subsequent to the parties' divorce, Chiro unilaterally changed the terms of Foley's employment, effectively changing the nature and description of her job. Specifically, Chiro adjusted Foley from a salaried employee to an hourly rate employee earning $22.36 per hour. At that hourly rate and in order to maintain her yearly salary of $51,000, Foley would be required to work 44 hours in a week, something that was never required of her prior to the divorce. Chiro brought his children into the office and gave them authority over Foley. Additionally, Chiro took steps in the office to more closely define and monitor the work Foley performed. Chiro's daughter, with

whom Foley did not share a cordial relationship, was identified as the individual communicating the new requirements and procedures to Foley. The evidence shows that post divorce, the quality of the work environment dramatically declined.

{¶13} Based on the above evidence, the magistrate concluded that Foley was constructively discharged from her employment. We agree. Chiro's inaction relative to the demeanor of his employees including both his children and Foley allowed a work environment hostile to Foley to develop and to continue. Additionally, Chiro altered Foley's employment in nature and in compensation, leaving her no choice but to accept the new terms of employment put to her or to quit. These actions, taken together, are sufficient to warrant a finding that Foley was constructively discharged from her employment.

{¶14} Chiro's first assignment of error is overruled.

{¶15} In his second assignment of error, Chiro argues the trial court erred and abused its discretion by admitting into evidence the email message of Elizabeth Blystone. We disagree.

{¶16} The admission or exclusion of evidence rests within the sound discretion of the trial court. *Abriani v. Abriani*, 8th Dist. Cuyahoga Nos. 88597 and 88599, 2007-Ohio-3534; *State v. Jacks*, 63 Ohio App.3d 200, 207, 578 N.E.2d 512 (1989). Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." *State v. Finnerty*, 45 Ohio St.3d 104, 107, 543 N.E.2d 1233 (1989). An abuse of discretion

connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A reviewing court should not substitute its judgment for that of the trial court. *See generally State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984).

{¶17} Chiro argues the email is inadmissible according to Evid.R. 802, which states that hearsay is not admissible except as otherwise provided by the rules. Hearsay is defined as an out of court statement offered to prove the truth of the matter asserted. *See* Evid.R. 801(C). However, Evid.R. 801(D) outlines statements that are not considered hearsay, which include a prior statement by a witness. In particular, Evid.R. 801(D)(1)(b) provides that if the declarant testifies at trial or hearing and is subject to cross-examination concerning the statement and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive, the statement is not hearsay.

{¶18} The facts of the present case fit squarely within the Evid.R. 801(D)(1)(b) hearsay exception. Elizabeth Blystone wrote an email to Foley setting forth a litany of events and occurrences at the CHJ office over the first six months of 2011. The email speaks of changes in staffing (the advent of Chiro's children working at the office), changes in office procedures, and bickering between Chiro's children and Foley. Both Chiro and Foley called Elizabeth Blystone as a witness in the Unemployment Hearing

Commission hearing and she was subjected to cross-examination by both parties. Blystone's testimony was consistent with her statements in the email to Foley. Further, Chiro was audibly frustrated by Blystone's testimony during the hearing as he believed Blystone was not being forthcoming about the events in the office.

{¶19} This court concludes that the trial court did not abuse its discretion in admitting the email of Elizabeth Blystone as it fell within the hearsay exclusion outlined in Evid.R. 801(D)(1)(b). Chiro's second assignment of error is overruled.

{¶20} In his third assignment of error, Chiro argues the trial court erred in excluding the employee handbook of Westview Acres Apartments. On November 21, 2011, Foley moved the trial court to strike the Westview Acres Apartments employees' handbook claiming that it was not part of the agreed-upon evidence upon which this case was to be decided. The magistrate agreed and struck the employee handbook from the evidence.

{¶21} As stated in the magistrate's decision,

the parties, through counsel, stipulated that the issues raised in the within motions would, in lieu of a full evidentiary hearing, be submitted to the court solely upon the parties' submission to the Magistrate of the following documents:

1) a transcript of a hearing before Hearing Officer Martin Kraus of the State of Ohio Unemployment Compensation Review Commission regarding the Defendant's claim for Unemployment Benefits;

2) such additional affidavits and written argument as the parties chose to submit.

{¶22} Thus, Chiro had an opportunity to present the employee handbook as

evidence before the court but failed to do so.    We find no error with the court's decision upholding the evidentiary submissions in accordance with the parties' own agreement.

**{¶23}**    Chiro's third assignment of error is overruled.

**{¶24}**    In his fourth assignment of error, Chiro argues the trial court abused its discretion in denying his motion to present additional evidence.    Subsequent to the magistrate's decision, Chiro filed a motion to present additional evidence relating to an alleged investigation of embezzlement involving Foley and company funds.    In particular, Chiro sought to admit the following exhibits: 1) an affidavit signed by Foley on February 4, 2011, detailing her hostile-work environment claim and demand for spousal support, 2) a letter dated April 20, 2011, between Chiro's counsel and Foley's then counsel regarding Chiro's alleged claims of embezzlement and 3) a contract signed by Chiro and North Coast Investigations dated April 14, 2011.

**{¶25}**    The trial court denied Chiro's motion and we see no reason not to affirm this denial.    Civ.R. 53(D)(4)(d) provides that in ruling on objections to the magistrate's decision, the court "may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." *See also McClain v. McClain*, 11th Dist. Portage No. 98-P-0002, 1999 Ohio App. LEXIS 4655 (Sept. 30, 1999).    Chiro failed to make any showing that he was unable to produce the three exhibits for consideration by the magistrate.    In fact, Chiro and Foley agreed to limit the evidence before the magistrate to:

1) a transcript of a hearing before Hearing Officer Martin Kraus of the State of Ohio Unemployment Compensation Review Commission regarding the Defendant's claim for Unemployment Benefits;

2) such additional affidavits and written argument as the parties chose to submit.

**{¶26}** Chiro never presented the three exhibits to the magistrate for consideration even though all three were available for presentation at the time of the court's decision. Thus, the court was well within its rights to refuse to consider Chiro's additional evidence under Civ.R. 53(D)(4)(d).

**{¶27}** Chiro's fourth assignment of error is overruled.

**{¶28}** In his fifth and final assignment of error, Chiro argues he suffered prejudice because of the 16-month delay from the presentation of evidence until the issuance of the magistrate's decision. We find no merit to this assignment of error.

**{¶29}** In putting forth this argument, Chiro fails to cite to any legal authority for his claim. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *State v. Martin*, 12th Dist. Warren No. CA99-01-003, 1999 Ohio App. LEXIS 3266 (July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 658 N.E.2d 1109 (3d Dist. 1995); *Siemientkowshi v. State Farm Ins.,* 8th Dist. Cuyahoga No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028 (May

6, 1998).

**{¶30}** Although we do find troubling the court's delay between the presentation of evidence and the magistrate's decision, Chiro's failure to cite to any legal authority allows this court to disregard this argument, App.R. 12(A)(2); App.R. 16(A)(7).

**{¶31}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR